IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERESA L. HATFIELD,**

    **Plaintiff,**

  v.                                      Case No. 2:11-cv-341
                                            JUDGE GREGORY L. FROST
**MICHAEL J. ASTRUE,**                Magistrate Judge Kemp
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Teresa L. Hatfield, filed this action seeking review of a final decision of the Commissioner of Social Security denying in part her application for supplemental security income. This case is before the Court for consideration of the plaintiff's objections (ECF No. 16) to the Report and Recommendation of the Magistrate Judge which was filed on June 28, 2012 (ECF No. 15). The Commissioner has filed a response to the objections (ECF No. 17). The Magistrate Judge recommended that the Court overrule plaintiff's statement of errors, affirm the Commissioner's finding that plaintiff was not disabled prior to July 4, 2005, and enter judgment in favor of the defendant. For the reasons stated below, the Court **OVERRULES** the plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, **OVERRULES** the plaintiff's statement of errors, and **DIRECTS** the Clerk to enter judgment in favor of the defendant.

**I.**

Because neither party has objected to the accuracy of the Report and Recommendation's summary of the testimony and the medical evidence, the Court adopts the summary and repeats here only those facts relevant to the resolution of plaintiff's

objections.

This is the second time this matter has been before the Court.  In *Hatfield v. Comm'r of Social Security*, 2008 WL 622967 (S.D. Ohio March 6, 2008), the Court remanded the case to the Commissioner under 42 U.S.C. §405(g), sentence four.  The basis of that remand was the Administrative Law Judge's rejection of the opinion of plaintiff's treating mental health professional, Dr. Hamill, to the effect that plaintiff was disabled due to psychologically-based symptoms.  The Court found that the ALJ had relied improperly on a finding that plaintiff had not credibly reported her symptoms to Dr. Hamill.  That finding was based only upon the plaintiff's ability to conduct herself appropriately at the administrative hearing and her description of her activities of daily living.  The former reason was simply invalid, and the latter reason was not supported by the record because plaintiff testified that her activities of daily living were very restricted and involved withdrawing from interactions with others and sleeping most of the time.  The Court did not direct the ALJ to give Dr. Hamill's opinion controlling weight, however; it left it to the ALJ to re-evaluate the record and to articulate, based on the record, the amount of weight the ALJ would give to Dr. Hamill's views, and why.  In directing a remand, the Court noted that the medical advisor called to testify at the administrative hearing was not an expert in mental impairments, and stated that the ALJ was "free ... to obtain additional medical opinions if that would be helpful."  *Hatfield, supra*, at *9.

On remand, the ALJ did not obtain any additional medical opinions as to plaintiff's claimed psychological disability. The ALJ did, however, hold another administrative hearing at which plaintiff, a medical expert (but not, again, one with expertise in the area of mental impairments), and a vocational expert testified.  The ALJ also reviewed approximately 150 pages of

newly-submitted medical records. The ALJ considered plaintiff's testimony that she had gained weight since the prior hearing due to depression and had not worked since then, and that she was having headaches on a daily basis and migraine headaches less frequently. The new medical records showed that in 2006 plaintiff had reported to a different psychiatrist much the same set of symptoms as she reported to Dr. Hamill, which included short-term memory problems, depression, and withdrawal. The ALJ found that because the frequency of plaintiff's headaches increased after July 4, 2005, to the point where she would miss a substantial number of days of work each month, she became disabled on that date. Plaintiff claimed in her statement of errors, and continues to claim in her objections, that the ALJ should have found that her disability began much earlier, and that the ALJ both failed to comply with the Court's remand order and again failed properly to evaluate Dr. Hamill's opinion about her psychological disability.

**II.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

The first issue raised in the objections is whether the ALJ failed to follow this Court's prior order of remand. Plaintiff argues that the Court ordered the ALJ to obtain another medical opinion on the issue of psychological disability. Because that did not happen, plaintiff claims the Court's order was not followed.

From the brief summary of the Court's prior order recited above, it should be apparent that the Court did not specifically direct the ALJ to obtain an additional medical opinion or to call a mental health expert as a witness at the second administrative hearing. The Court left that decision to the discretion of the ALJ. The ALJ chose not to call such an expert. That did not violate the remand order. The absence of additional expert opinions or testimony might have had some impact on the amount of

support for the ALJ's decision, but that is a different question, and one which the Court can review in the context of deciding if the ALJ's more recent rejection of Dr. Hamill's opinion is supported by substantial evidence. The Court therefore overrules the first objection.

The second objection takes issue with the ALJ's restated rationale for rejecting Dr. Hamill's opinion. According to plaintiff, the ALJ based that rejected on essentially the same reasoning which the Court previously found deficient. Plaintiff argues that the second opinion is "virtually identical" to the one which the Court overturned, and that the Commissioner either failed to follow the Court's instructions or issued another improper decision; either way, plaintiff argues that another remand or an award of benefits should be ordered.

The short response to this argument is that the ALJ's two opinions are not identical, and that the second relies on legitimate factors which find substantial support in the record. It is true that, for a second time, the ALJ found plaintiff to have overstated the degree of her limitations to Dr. Hamill, but this time the ALJ made a credibility finding which took into account additional factors such as inconsistencies in the way in which plaintiff reported her symptoms to various sources, the fact that she did not aggressively pursue treatment of what were claimed to be debilitating psychological symptoms, and the fact that the medical records indicated a good response to medication. Plaintiff never objected to the ALJ's finding that she was not completely credible when describing the extent of her symptoms, and the ALJ was allowed to rely on this factor as undercutting the validity of Dr. Hamill's opinion.

The ALJ also found, in the second opinion, that Dr. Hamill's opinions were contradicted by other evidence in the record. The ALJ did not make this explicit finding in the first opinion. As

the Report and Recommendation notes, other medical records showed that plaintiff's condition improved with treatment, and Dr. Hamill himself called her condition "mild." The ALJ found that his own treatment notes did not support the extreme limitations he imposed. The ALJ further found that Dr. Tanley, who examined plaintiff, expressed different views and that his opinion was supported by his findings, including test results. Again, these are new bases for rejecting Dr. Hamill's views which were not articulated in the prior opinion, and, again, plaintiff does not claim that the facts cited by the ALJ do not appear in the record.

The ALJ gave other reasons for rejecting Dr. Hamill's report. The Report and Recommendation concluded that some of them were not supported by the record. However, because the reasons just discussed were based on the record, and because it is up to the ALJ to make credibility findings and to resolve conflicts in the medical evidence, the Report and Recommendation concluded that the deficiencies in the prior opinion had been addressed. This Court agrees. The ALJ properly found plaintiff's psychological symptoms to be no more than moderate, and credited the vocational expert's testimony that, at least until July 4, 2005, there were substantial numbers of jobs which she could do. Plaintiff's objections to the recommendation that the Commissioner's decision be affirmed are therefore without merit.

**IV.**

The Court, having reviewed the record *de novo*, determines that the ALJ's decision to deny plaintiff's application for supplemental security income for any dates before July 4, 2005 is supported by substantial evidence. The Court therefore **OVERRULES** the Objections (ECF No. 16), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15), **OVERRULES** the plaintiff's

statement of errors (ECF No. 11), and **DIRECTS** the Clerk to enter judgment in favor of the defendant.

    **IT IS SO ORDERED**.

                                <u>/s/ Gregory L. Frost</u>
                                GREGORY L. FROST
                                UNITED STATES DISTRICT JUDGE